Good morning, your honor. May it please the court, my name is Warren Hoff and I'm here on behalf of the appellant Lamarvin T. Darden. This case, I think it's pretty clear, I've got two parts to it. The first part is whether or not the district court judge could have given the appellant a lower sentence at all. And then the other part is whether there's predicated offenses sufficient to limit that lowering of the sentence. I don't mean to cut off your argument right away, Mr. Hoff, but I read both of the sentencing transcripts, one from the September 2016 sentencing and then the resentencing in October of 2017. And I'm a little bit puzzled by the procedural where we are on this case. So it goes up to the court of appeals. Everybody agrees that one of the charges either has to be dismissed or merged into the other charge. So it gets sent back down. It's remanded without any real instructions other than to amend the judgment. And it appears from the September 16th sentencing that you went through a whole new resentencing process. I believe that's correct. I wasn't the attorney at that point. But then the judge reimposed the same sentence that he had originally imposed, 200 months. And let me just finish. So then, but he doesn't say anything about whether or not he could have gone lower, wanted to go lower or anything at that hearing. You're talking about the first or the second? Well, OK, I'm talking about the September 2016 sentence. Well, let me finish. He reimposes the 200 month sentence. And even if, assuming you're wrong about the predicates, he could have theoretically gone down to 180. So but then in October, he says a year later, if I could have, I would have went lower. But he never said anything about that in September. I mean, what do you make of that? Was that September sentencing a whole resentencing or what was it? Well, I thought it was. It's a little tricky. As I see it, when they sent it back down, it seems like they eliminated whatever other issues there were besides that one. And that seems unfair to my client. So I think that it should have been a full resentencing. And I what I was going to say was that the second time or the third time, the last time that there was a sentencing, I thought the judge said, I'm going to reimpose the 200 months. And that's all I can do now. And I couldn't have done anything else the last time. Yes, that's what he said. Yeah. But he didn't say that the time before. The time before in in September, he just went through why he was reimposing the 200 months, why Mr. Darden was not is a violent criminal and and all that kind of stuff. And he he never made any indication that he wanted to go any lower. But a year later, he says, well, if I could have, I would have. I guess I I guess what I'm trying to figure out is whether that September 2016 sentencing was a full resentencing, because that's what we're really appealing from right here. Right. Well, that's one of the arguments that I made that if if he if he's not able to appeal from the last time, he should be able to appeal from the time before that. I think it's a fair thing to to say that he's appealing from the last time because they did go through the procedure again. There's one thing about the the the time before next to the last time. It seemed like there he got a new lawyer and the new lawyer. It appeared to me he wasn't as familiar with him on the case and maybe the lawyer let the defendant go on too long. And that wasn't a good thing. But but I thought Mr. Lawless handled it pretty well. The only thing that he didn't do, and I didn't know this was necessary to make a formal objection. But I still think that there's, you know, if if Pepper says that you should have a full resentencing, then we should be able to have a full resentencing here and should be able to consider the rehabilitation again. I think they've argued that because it was only a remand for sort of a technical change in the sentence that Pepper doesn't apply. But as I said, I think that's unfair to the defendant because somehow he's going to lose out on on his chance to appeal that he had gone up on. Counsel, what's the relief you seek today? The main relief is a remand to the court with instructions that he's able to go below the 200 months. That's the main thing that we're asking. So he could impose 18 months. It seems like he would, based on his statements at the last sentence. So you want an instruction from this court to the district court that it has discretion to go below the 200 months? That's correct. Does that depend, counsel, does that depend on which order you're you're actually appealing? So if you're appealing the earlier one, it seems to me that your sentencing package argument may have some some merit, you know. And then if you're appealing the second one, though, that was just to allow the filing of a notice of appeal, wasn't it? And so that kind of is a different situation. I guess you could interpret it that way. I think the way that we argued it, we were arguing that the last sentencing should have been a full resentencing. And I'm not sure how valid that is anymore. But in any case, I think he needs to have some further relief so that the court understands what its discretion is. I just think you're wrong about that. I think what you're really appealing is the September 2016 sentencing, not the October sentencing, because the October sentencing was done only because he didn't file a notice of appeal from September. They granted him 2255 relief and then they allowed him to just be resentenced for purposes of appeal only. See, there was another motion before, as I recall, the next to the last sentencing. And I'm concerned about the appeal from that being lost. And the remedy I see is just let him go back and give him the chance to resentence him with the understanding that he has discretion. That's what we're asking for. Ms. Fleming? Can you help us out with the procedural posture of this case? I'm sorry, Your Honor? Can you, if you recall Judge Malloy's question, can you answer the government's perspective of the answer to that question? Yes, Your Honor. I'd like to clarify what our position is on the procedural history of the case. Obviously, it is complex, but starting with the second appeal in this case, the court remanded it back to the district court for a resentencing in order to merge the two counts of conviction. Of course, as Your Honor is aware, we dismissed one of those counts, so that issue became moot. However, in that 2016 sentencing, the district court did hold a de novo resentencing. In fact, they heard argument from the parties. They heard a lengthy allocution by the defendant. They heard, actually, testimony from the family members. They addressed the defendant's arguments that his prior convictions did not qualify as predicate offenses for purposes of the Armed Career Criminal Act. In fact, the district court at that time heard post-sentencing rehabilitation argument and said that it was considering, I believe it was a pretty substantial sentencing memorandum that was filed in the prior 2255 sentencing memorandum in that civil case. The court held, though, that it was, again, imposing a below guidelines term of imprisonment of 200 months. I've quoted that in my brief, what the district court said. He essentially says, I'm not unmindful that you've made changes in your life, however, in the effort that you've made to correct your life, but it's beyond imagination that I would sentence you to. Then he kind of stops and he says, let you go home today. He imposed that sentence, as he said, based upon your criminal history and based upon the evidence that was presented against you at the trial. After that, go ahead. I don't disagree with any of that. If you read only the September 2016 sentencing transcript, it looks like it was a full resentencing. And the judge said, for all the reasons you've just articulated, that I'm going to reimpose the same sentence before and I've considered all your arguments. And if that's all we had, I don't want to say it'd be an easy case, but at least I would understand it a little better. But then in October of 2017, and this is what is confusing, when he's reimposing that sentence for purposes of appeal only, he says, well, if I could have, I would have went to 120 months last year. So what do we make of that statement? Well, I think that statement, frankly, was just the judge's feelings at that time. I think if you look not only to his statements at the 2016 sentence, but also to subsequent to the 2016 sentencing, the defendant filed a motion under 3742 and essentially argued that Pepper required that he receive credit for his post-sentencing rehabilitation efforts. And the district court issued an order in response to that motion denying the motion and, in fact, said, I have considered that evidence and I still impose that sentence. So even between the 2016 resentencing and the 2017 resentencing or vacatur of the judgment, the district court reiterated his statements in 2016. Now, of course, fast forward another six months and the defendant is before him again solely on the 2255 issue for his counsel's failure to file a notice of appeal. And I will tell you that when you read the transcript and the briefing related to that 2017 hearing, it was a surprise to both the district court and the United States when the defendant at that resentencing started making arguments attacking both his conviction as well as, again, raising the post-sentencing rehabilitation efforts. It was everyone else's impression at that hearing that the hearing was to essentially grant the defendant's 2255 motion, vacate the judgment, reimpose the sentence, and then advise the defendant of his right to appeal so that he could then timely file a notice of appeal. And, of course, our position, as we've expressed in the brief, is that the controlling precedent in this circuit is this court's decision in Pareto in where it says, in that context where the sole issue is the failure to file a notice of appeal, the proper procedure is, in fact, what the district court actually did, which is vacating the sentence, reimposing the same sentence so that the defendant is allowed to file a notice of appeal. In fact, aside from the fact that the defendant in this case had already had a de novo resentencing, this case is, I would argue, at least substantively, if not somewhat procedurally, identical to the case in Pareto. And this court, in that case, said that the prescribed procedure is for the district court to vacate the sentence, then reimpose it, allowing the defendant to appeal the imposition of the new sentence. And our circuit isn't alone in that. In fact, it's been joined by the First, Third, Tenth, and I believe the Eleventh Circuit as well. From a policy perspective, we would argue that by applying Pareto, we satisfy the need both for a finality in the criminal's proceedings and consistency among criminal judgments, as well as balancing that with making sure that sentences that are imposed are authorized by law. And when you apply that policy or that procedure to these circumstances where the sole issue is counsel's failure to file a notice of appeal, you do just that. Well, let me just stop you there for a second. So, I don't have any problem with that. You know, I think that the 2017 resentencing was done totally consistently with our precedent. He just reimposed the same sentence. But that, by doing that, however, what he was doing was allowing an appeal from the 2016 sentencing. Do you agree with that? He can raise the same issues. But, well, essentially, yes, Your Honor. Because that's the whole purpose. And that's what he's still getting. Pardon me? Right. And he's still getting that. I mean, the question is, if you follow that precedent, if you say, okay, well, we're going to vacate the sentence, reimpose it, and then you have the opportunity to appeal, it's exactly what's happening here. And he's essentially raised additional issues on appeal attacking his conviction. But he's – I just want to make sure we understand what he's appealing here. At least my understanding is he's appealing from the 2016 de novo resentencing. The issues that were raised with respect to Alexander. Now, of course, at the 2016 resentencing, he did not raise the issue as far as the number of predicate offenses. But it is true that at that 2016 sentencing, he did argue that essentially Alexander was not controlling. I'm not sure that was the essence of his argument. I mean, there may be a lot of arguments about the merits of the appeal. But that's what – I just want to make sure we understand what we're dealing with. The appeal is from the 2016 sentencing. Well, I think we actually have a somewhat bifurcated appeal, if there's even such a thing. Because he is appealing the issues at the 2016 sentencing that his convictions did not qualify as predicate offenses. But he's also appealing the 2017 sentencing in that he's arguing I was entitled to a de novo resentencing and not the reimposition of the sentence. Well, it's even more than that because – and this was the question I was asking. He's not really even appealing the 2016 order. I was trying to get to this with opposing counsel. Technically, Judge Malloy is right. But the basis for why he's appealing is the statement that was made at the 2017 hearing. And so it's unclear to me exactly what order he is appealing from and how we resolve that particular issue. Well, I think it's – in my opinion, it's very easy to resolve it under these circumstances. I think that if the court affirms – obviously, we are asking that the court affirm the defendant's sentence on two grounds. One, that the district court did not err in denying a de novo resentencing and instead reimposing the prior sentences for purposes of filing the notice of appeal. But also that the court affirm the sentence in that the defendant is an armed career criminal. Why wouldn't it be appropriate to resentence if the district court was mistaken about not having discretion? Well, if that is your holding, Your Honor, if your holding is that in situations where the sole issue on the 2255 motion is a failure to file a notice of appeal and if the court is going to instead not follow the Pareto procedure and instead impose a different procedure, well, then you're correct. Then the court would hold that the district court did, in fact, have discretion to hold a de novo resentencing. And, of course, it would remain – You're mixing apples and oranges. What I think Judge Smith's talking about is if you say we're appealing from the 2016 sentencing and if Judge Weber truly believed that he had no authority to go below 200 months, which he had the authority to do that, didn't he? He could go down to 180. He could go to 180. If he truly believed that, then that's an error and there should be a resentencing. It has nothing to do with the 2017 sentencing. If that is the argument, and I'm not sure that that's necessarily the argument that the defendant was making in his brief, the defendant was arguing that the district court erred in the 2017 sentencing by not holding a de novo resentencing. If they were to make that argument, then I think that the record conflicts with the district court statements that in 2017 he didn't believe that he could go below the 200 months. In fact, he said, I'm considering all of these things and I am still imposing the 200-month sentence because of your criminal history. And then he again did it – he reiterated that in his order denying the 3742 motion. I think his statements – See, that's why I said – that's why I started with Mr. Hoff. I found it so confusing because in the 2016 sentencing, he said I considered all your arguments. I considered post-rehabilitation. I'm going to reimpose the same sentence. And had that been the only thing he said, like I said, I don't want to say it's an easy case, but it's a lot easier case. But then in 2017 he says, but I didn't have the authority back in 2016 to go below 200 months. And if I had the authority, I would have. So what do we make of that statement? I agree, Your Honor. I think that the record as far as that issue is concerned is certainly messy. But I do think that we have a situation where a judge in 2017 who has not really revisited the issue or the case in a while is saying, well, in 2016, a year ago, I didn't think I had that discretion. But his record in 2016 when the case was before him and the arguments were made, it certainly – he certainly, at least from that record, you can certainly take that he believed that he could impose a different sentence. And then, like I said, again, subsequent to that, I believe it was maybe not quite six months later, when the issue comes up in a different context, he again says, I consider it, but I still think that this is an appropriate sentence. I mean, I understand that the judge, when presented with a defendant who is making these post-sentencing rehabilitation arguments, is compassionate to those, and maybe at the time that's how he felt. But certainly the record prior to that contradicts his statements in the 2017 sentencing. Can I ask one more question? Did he – on the 2017 hearing, and this is why the opposing counsel's brief for the argument is so confusing. In 2017, did he – when he was doing the Prado notice of appeal, giving them – reimposing the sentence for the notice of appeal, did he have the option of doing a de novo resentencing at that point? Because what I'm really trying to figure out is whether those statements in 2017 are even relevant. Because if he thought he had the authority in 2016 but didn't think he had it in 2017 but couldn't impose resentencing anyways, do they really matter? Your Honor, we would argue that in 2017 he did not have the authority to do a de novo resentencing because Prado would control, and Prado would say our procedure in this circuit is not to do a de novo resentencing. In fact, that was the defendant's argument in Prado is that I am entitled to de novo resentencing, and the court said no. In this circuit, what we do is we vacate your sentence, we reimpose it, and then you can appeal. Because it puts him in the exact same position because he can still raise those issues on appeal as he's done in this case. Does that answer your question? It does. If your honors have no questions regarding the remaining issues. But what he can't do, and this is I think part of the confusion in this case, is 2016 he doesn't attack the predicates. And so he realizes that by 2017. So the reason he wants a de novo resentencing in 2017 is because he wants to raise issues that he didn't preserve in 2016. I mean, that's kind of where we are procedurally in this case, right? Your honor, it would be taking either a third or fourth bite at the apple is what he's wanting to sum that up.  Thank you, Ms. Fleming. Mr. Hoff? Yes, I'd like to direct the court to page 21 of the government's brief. Right in the middle of the page, they set out the procedure about reimposing the sentence and giving the defendant time to appeal. And they cite Beers and Hollis. Cases from 96 and 82. And then they cite Butt C., United States v. King, 8th Circuit, 2012. Affirming procedure is to reimpose sentence, but adding that the district court may again consider the 3553A factors because the guidelines are now advisory and Pepper confirms that the defendant's post-sentencing conduct may be relevant. In determining a substantially reasonable sentence. So, between the time that there was 2016 sentencing and the 2017 sentencing, there could have been additional factors that came along. And I think... The problem with that, though, counsel, is actually we looked at that line of cases. You're right about King. But my understanding is we have about three or four cases that go the other way. That suggests you can't do that. You can't... The whole purpose of this is to remedy the right that was violated. And the right that was violated was the counsel not filing the notice of appeal. And so the way you remedy that violation is by reimposing the same sentence so that you can appeal the original sentence. I understand, Judge. I wish I had looked at this more. But I think somehow he's losing out on some of the arguments that he made in his civil action. Previous civil action claiming ineffective assistance of counsel. And that's what I'm concerned about here. If he's not allowed to be able to have a full residency. I see. Thank you. Thank you, Mr. Hawke. Court wishes to thank both counsel for your presence before the court today and the argument you've provided to the court. We will take the case under advisement. You may be excused.